IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Maureen C. Stibil,                              Case No. 3:16CV02699

        Plaintiff,

        v.                                             **ORDER**

Amex Assurance Company,

        Defendant.

This case involves a claim for death benefits under an accidental death policy that plaintiff's late husband, Charles W. Stibil, had obtained before his death, which occurred one day after falling in the family home. Defendant Amex Assurance Company (Amex), which sold the policy, now moves for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 6).

For the reasons that follow, I grant the motion.

### Discussion

The policy defined "accident" as:

> A sudden event resulting from an act of another not provoked or instigated by the Covered Person, or an act of the Covered Person the result of which reflects a material departure from the Covered Person's expectations and which event is neither caused by disease, illness or infirmity, nor by the voluntary ingestion, injection or inhalation of any substance.

(Doc. 6 at 2-3).

Amex accepts, for purposes of the pending motion, that Mr. Stibil died as a result of the fall, thus not disputing at this point that an "accident" occurred.

In seeking dismissal, Amex relies on an exclusion that provides that benefits will not be paid if "the loss for which coverage is sought was *directly or indirectly, wholly or partially, contributed to or caused by* . . . [a]ny disease, illness or infirmity . . . ." (*Id.* at 3) (emphasis added).

Mr. Stibil's Death Certificate describes the "disease, injuries, or complications that caused the death" as "EXACERBATION OF CHRONIC OBSTRUCTIVE PULMONARY DISEASE" due to "SACRAL FRACTURE." (Doc. 8, Exh. 1 at 2, ¶ 28).

The Certificate also states: "Other Significant Conditions *contributing to* death but not resulting in the underlying cause . . . ." (*Id.* at Part II) (Emphasis added). The Certificate stated: "MALNUTRITION, CHRONIC OBSTRUCTIVE PULMONARY DISEASE, DIASTOLIC HEART FAILURE." (*Id.* at ¶ 33).

None of the briefs referenced this provision in the Certificate. It is, however, dispositive: the Coroner clearly states that those conditions "*contributed* to" Mr. Stibil's death, and the policy just as clearly excludes coverage where "the loss . . . was . . . indirectly . . . partially . . . , *contributed to* or caused by . . . [a]ny disease, illness, or infirmity." (Emphasis added). The Corner's statement and exclusion exactly mirror each other.

Thus, I need go no further. I note, though, that I agree with Amex that neither the term "loss"(which can only refer, in this accidental death policy, to death) nor any other portion of the exclusion is at all ambiguous and that the cases plaintiff cites are not pertinent.[1]

---

[1] Those cases deal with whether, under the policies at issue, an "accident" occurred, not an exclusion similar to that at issue here. Amex having accepted for now that the death resulted from an accident, those decisions have no applicability to the dispositive issue.

**Conclusion**

Simply put, one need not look beyond ¶ 33 of the Death Certificate to conclude that the policy exclusion applies and that defendant is entitled to dismissal of the complaint.

It is, accordingly,

ORDERED THAT: defendant's motion to dismiss (Doc. 6) be, and the same hereby, is granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge